UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENI LAMONT PAULK II,<br>　　　Petitioner<br>　　v.<br>UNKNOWN,<br>　　　Respondent. | Case No. 5:19-cv-01506-FMO (GJS)<br><br>ORDER TO SHOW CAUSE RE: POSSIBLE DISMISSAL FOR UNTIMELINESS |

On November 1, 2018, Petitioner filed a 28 U.S.C. § 2254 habeas petition in the United States District Court for the Southern District of California [Dkt. 1,"Petition"]. The Petition stems from Petitioner's late 2003 conviction in San Bernardino County Superior Court Case No. FSB40026 (the "State Conviction"). (Petition at 1.)[1]

On November 13, 2018, the Southern District ordered that the Petition be transferred to this District [Dkt. 2]. It appears that the case file was transferred electronically to the Clerk's Office on or about that same day, but for reasons unclear to the Court, the Petition was not assigned a new case number and referred to the undersigned until August 13, 2019.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed and takes judicial notice of the contents of the dockets available electronically for the San Bernardino County Superior Court, the California Court of Appeal, and the California Supreme Court.

# BACKGROUND

After he was sentenced pursuant to the State Conviction, Petitioner appealed to the California Court of Appeal (Case No. E035748) and raised the claims alleged as Grounds One and Two in the Petition. On January 4, 2005, the California Court of Appeal affirmed the judgment. Petitioner filed a petition for rehearing, and on January 12, 2005, the California Court of Appeal amended its earlier decision to include an order striking a ten-year gang enhancement imposed as part of Petitioner's sentence. Petitioner then filed a petition for review with the California Supreme Court. The record does not reveal precisely which claims Petitioner raised therein, although it is reasonable to presume that he raised the same claims as were asserted in the state appellate court rather than different claims, in light of the state rules governing petitions for review. *See* Cal. R. Ct. 8.500(c)(1). On March 23, 2005, the California Supreme Court denied review.

On June 7, 2005, Petitioner filed a habeas petition in the trial court (Case No. SWHSS8233). That petition was denied on June 15, 2005.

Approximately three months later, on September 22, 2005, Petitioner filed a second habeas petition in the trial court (Case No. WHCJS1500336). While that petition was still pending, on October 5, 2005, Petitioner filed a habeas petition in the California Court of Appeal (Case. No. E038973). On October 17, 2005, the California Court of Appeal denied the petition. On October 30, 2005, the trial court denied the second habeas petition. On November 15, 2005, Petitioner filed a habeas petition in the California Supreme Court (Case No. S138862). On August 23, 2006, the California Supreme Court denied the petition. (Hereafter, these September 2005 through August 2006 state habeas proceedings will be referenced collectively and summarily as the "First State Round Proceedings.")

Close to four years passed. On August 2, 2010, Petitioner filed a third habeas petition in the trial court (Case No. WHCSS1000288). On August 10, 2010, the trial court denied the third petition.

Approximately three years and eight months passed. On April 7, 2014, Petitioner filed a subsequent (and fourth) habeas petition in the trial court under the same case number as the third trial court petition. On April 8, 2014, the trial court denied the fourth petition on the ground that it was a serial petition that alleged no new facts.

Over three years passed. On May 5, 2017, Petitioner filed a fifth habeas petition in the trial court (Case No. WHCJS1700151). On July 27, 2017, the trial court denied the fifth petition.

Three months later, on October 30, 2017, Petitioner filed a second habeas petition in the California Court of Appeal (Case No. E069377). On December 6, 2017, the California Court of Appeal denied the second petition.

Five and a half month passed. On May 25, 2018, Petitioner filed a sixth habeas petition in the trial court (Case No. WHCJS1800196). On June 25, 2018, the trial court denied the sixth petition.

Approximately four months later, on October 28, 2018, Petitioner signed the Petition. The record shows that a correctional officer received it for mailing on October 29, 2018, and the envelope in which the Petition was delivered by mail bears an October 30, 2019 postmark. [Dkt. 1 at 12-14.] Construing the record in the manner most favorable to Petitioner, pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on October 28, 2018. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010); Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

## THE CLAIMS RAISED BY PETITIONER

The California Court of Appeal's opinion on direct appeal shows that: Petitioner was charged with having murdered Mario Didley by gunshot; another man who was present (Thompson) testified at trial that, after being shot, Didley kept asking "why" the shooting had occurred, including asking "why did he shoot me?" and "did you

see who it was?"; earlier at the preliminary hearing, Thompson testified that he had told Didley it was Petitioner who shot him; another man present (Cooper) testified at trial that he asked Didley "who did this to you?" and Didley said "it was Deni"; and on rebuttal, a detective (Acevedo) testified at trial that he interviewed Cooper and Cooper told him that Didley said "Deni" had shot him. *People v. Paulk*, 2005 WL 15446, at *1-*5 (Cal. Ct. Jan. 12, 2005). In his direct appeal, Petitioner argued that: the trial court improperly found that evidence of Didley's identification of Petitioner as the man who shot him was admissible under the dying declaration exception to the hearsay rule; and trial counsel provided ineffective assistance by failing to object to Detective Acevedo's testimony on the ground of multiple hearsay. The California Court of Appeal denied both claims. *Id.*, at *6-*8.

The Petition raises two claims. In Ground One, Petitioner alleges that his trial counsel provided ineffective assistance by failing to object to Detective Acevedo's rebuttal testimony on the ground of multiple hearsay and, instead, objected on the ground that the testimony exceeded the scope. This is the same claim that Petitioner raised in his direct appeal. In Ground Two, Petitioner alleges that California's dying declaration criteria was not met as to Didley's statement given Thompson's preliminary hearing testimony showing that Didley lacked personal knowledge as to the shooter's identity. This is the same claim that Petitioner raised in his direct appeal.

## THE PETITION IS UNTIMELY ON ITS FACE

The one-year limitations period that governs this case is set forth in 28 U.S.C. § 2244(d)(1).[2] Given the nature of the claims alleged by Petitioner and the record

---

[2]   Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period. The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus." (Emphasis

4

available, the subpart (d)(1)(A) limitations period is the only possibly applicable provision. Petitioner's judgment became "final," for purposes of Section 2244(d)(1)(A), on the date on which his state direct appeal became final. The California Supreme Court denied review on March 23, 2005, and there is no evidence that Petitioner sought a writ of certiorari in the United States Supreme Court. Accordingly, Petitioner's state conviction became "final" 90 days later, *i.e.*, on June 21, 2005, and his limitations period commenced running the next day. *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009). Therefore, Petitioner had until June 21, 2006, in which to file a timely federal habeas petition, absent statutory or equitable tolling.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court. In addition, in appropriate circumstances, statutory tolling may be afforded "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Biggs v. Terhune*, 339 F.3d 1045, 1046 (9th Cir. 2003); *see also Carey v. Saffold*, 536 U.S. 214, 219-25 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court"). Continuous tolling under Section 2244(d)(2) – commonly referred to as interval or gap tolling – is available only if a prisoner acted promptly in seeking relief at the next state court level. *See Evans v. Chavis*, 546 U.S. 189, 191-92; *Pace*, 544 U.S. at 413-14.

---

added.) The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

As the above description of Petitioner's prior proceedings shows, Petitioner did file numerous state habeas petitions. His first trial court habeas petition was filed and denied before his limitation period had accrued and commenced running and, thus, has no effect on the timeliness analysis, given that there was nothing that could or needed to be tolled at that point in time. The First State Round Proceedings commenced on September 22, 2005, before Petitioner's limitations period had expired. At that point in time, Petitioner's limitations period had been running for 92 days, leaving 273 days remaining. For purposes of argument, the Court will assume that all of the habeas petitions filed during the First State Round Proceedings were "properly filed" for purposes of Section 2244(d)(2) *and* that Petitioner is entitled to continuous, or gap, tolling for the entire round of these particular state habeas proceedings.

Accordingly, under those assumptions, Petitioner's limitations period was tolled from September 22, 2005, through August 23, 2006, when the California Supreme Court denied habeas relief. Petitioner's limitations period recommenced running on August 24, 2006, with 273 days remaining. It then expired on May 23, 2007.

Petitioner did not again seek state habeas relief until August 2, 2010, well over three years *after* his tolled limitations period had expired. Accordingly, none of the state habeas petitions he filed in 2010, 2014, 2017, and 2018 can serve as a basis for Section 2244(d)(2) tolling, because they were too late. *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

As noted above, the Petition has been deemed "filed" on October 28, 2018. This date is 11 years and 3 months after Petitioner's limitations period had run. The Petition, therefore, is grossly untimely absent equitable tolling.

The limitations period for Section 2254 petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). However, application of the equitable tolling doctrine is the exception rather than the norm. *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases"). A habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citation omitted); *see also Pace*, 544 U.S. at 418 & n.8. Both elements must be met. *Id.* at 418 (finding that the petitioner was not entitled to equitable tolling, because he had not established the requisite diligence). A petitioner seeking application of the doctrine bears the burden of showing that it should apply. *Id.*; *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to receive equitable tolling, the petitioner must prove the above two requirements).

Nothing in the Petition or the available record supports finding equitable tolling to be available in this case. There is nothing in the present record that could establish the requisite extraordinary circumstance that prevented Petitioner from seeking federal habeas relief on a timely basis, Grounds One and Two were fully briefed by appellate counsel as of the time of Petitioner's direct appeal in the California Court of Appeal in 2005. While the Court does not know for certain that Petitioner raised these same two claims in his California Supreme Court petition for review and thereby exhausted them through that filing, the fact remains that he thereafter sought state habeas relief at all three state courts levels during 2005, shortly after his limitations period had commenced. Petitioner alleges that during

these proceedings, he raised his present two habeas claims. (Petition at 4, 6-7.) Thus, the record demonstrate that during the relevant time frame – namely, during Petitioner's limitations period that would have run from June 22, 2005, though June 21, 2006, absent the statutory tolling he has received for the First State Round Proceedings – Petitioner actually *was* able to pursue habeas relief with respect to his present claims and did so. He could have sought federal habeas relief as of late August 2006, once the California Supreme Court denied his habeas petition. Instead, Petitioner did nothing for almost four years, then after filing an unsuccessful third trial court habeas petition, delayed for over three and a half years before filing a successive fourth such petition, and once it was denied, he then delayed another three plus years before filing a fifth trial court petition and then a state appellate court petition, and when that was denied, waited five and a half months and filed a sixth trial court habeas petition, before eventually proceeding to federal court on claims he had exhausted at least 12 years earlier. This behavior cannot be found to satisfy the diligence prong of the equitable tolling doctrine; indeed, it is the antithesis of the diligence requirement.

There simply is no basis for finding either prong of the equitable tolling doctrine to be met. Accordingly, absent further evidence, the Petition remains untimely by over 11 years.

\* \* \* \* \*

District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). In addition, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed on the ground of untimeliness. By no later than **September 23, 2019**, Petitioner shall file a Response to this Order To Show Cause addressing this issue. In particular, if Petitioner concedes that this action is untimely, he shall state so clearly. If Petitioner disputes that this action is untimely, he must explain clearly and in detail why it is not untimely and provide any available competent evidence that establishes the timeliness of this action. If Petitioner contends that he is entitled to equitable tolling sufficient to render the Petition timely, he must explain why and provide all available competent evidence that supports his argument.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action may be dismissed on the ground of untimeliness.**

**IT IS SO ORDERED.**

DATED: August 19, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

9